UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :

FRED ALSTON, as a Trustee of THE LOCAL 272    :
LABOR-MANAGEMENT PENSION FUND, FRED       :        23-CV-6740 (JAV) (VF)
ALSTON, as a Trustee of THE LOCAL 272 WELFARE :
FUND,                                                        :          ORDER ADOPTING
                                                               :          REPORT AND
                                        Plaintiffs,          :          RECOMMENDATION

                -v-                                              :

1699 NEW YORK AVENUE PARKING LLC,              :

                                        Defendant.         :
-----------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

        Plaintiff Fred Alston ("Plaintiff") brought this action, as a trustee of two employee benefit plans, alleging violations of the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq*. On October 31, 2023, the Court granted default judgment in this matter as to liability. ECF No. 21. The Court referred the action to Magistrate Judge Valerie Figueredo to conduct an inquest on damages. *Id*. In the Report and Recommendation filed on January 31, 2025 ("R&R or "Report and Recommendation"), Magistrate Judge Figueredo recommended that Plaintiffs be awarded a total award of $19,123.49, plus post-judgment interest. ECF No. 36.

        In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). Conclusory or general objections that

merely refer the district court to previously filed papers or arguments do not constitute proper objections under Rule 72(b). *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022). To accept those portions of the report to which no timely or proper objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record. *See id.* at 120 & n.4.

In the present case, the Report and Recommendation advised the parties that they had fourteen days from service of the R&R to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object. *See* ECF No. 36. In addition, the Report and Recommendation expressly called Defendant's attention to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The docket reflects that Defendant was served with a copy of the R&R by mail at its last known address on February 5, 2025. ECF No. 38. Nevertheless, as of the date of this Order, no objections have been filed and no request for an extension of time to object has been made. Accordingly, Defendant has waived the right to object to the Report and Recommendation or to obtain appellate review. *See Miller*, 43 F.4th at 120.

Despite the waiver, the Court has reviewed the Report and Recommendation, unguided by objections, and finds it to be thorough, well reasoned and comprehensive. Having found no errors, the Court ADOPTS the Report and Recommendation in its entirety.[1]

---

[1] The R&R calculates the pre-judgment interest as of January 31, 2025, as $3,168 for late penalty interest under the terms of the collective bargaining agreement, and an additional $3,168 under 29 U.S.C. 1132(g)(2)(C), for a total of $6,336. R&R at 13-14. An additional three months of pre-judgment interest accruing from February 1, 2025, through the date of judgment, in the amount of $432, shall be added to the judgment amount.

## CONCLUSION

Accordingly, IT IS ORDERED AND ADJUDGED that the Report and Recommendation is ADOPTED in its entirety. The Clerk of Court is directed to enter judgment in favor of Plaintiffs and against Defendant in the amount of $19,555.49, plus post-judgment interest at the statutory rate.

The Clerk of Court is directed to terminate all pending motions and close the case.

SO ORDERED.

Dated: May 1, 2025  
New York, New York

_____  
JEANNETTE A. VARGAS  
United States District Judge